a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES E SAYNE, Plaintiff | CIVIL DOCKET NO. 1:22-CV-01692 SEC P |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| JAMES CALHOUN, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff James E. Sayne ("Sayne"). Sayne is a pretrial detainee incarcerated at the Winn Parish Jail in Winnfield, Louisiana. He names as Defendants Public Defenders James Calhoun, Jonathan McDow, and Herman Castete, District Judge Anastasia Wiley, and District Attorney Chris Nevils.

Because Sayne fails to state a claim for which relief can be granted, his Complaint (ECF No. 11) should be DENIED and DISMISSED.

I. Background

Sayne alleges that he is incarcerated for a year on "very serious charges," most of which are "made up." ECF No. 1 at 1. He states that he has not been given "an opportunity to state [his] guilt or innocence." *Id.*

Sayne asserts that his legal mail has disappeared and has been opened outside of his presence. *Id.* He also claims that officers have "accosted" him verbally. *Id.*

II.  Law and Analysis

    A.  Sayne's Complaint is subject to preliminary screening.

Sayne is a prisoner seeking redress from an officer or employee of a governmental entity, so his Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). That statute directs sua sponte dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *Id.*

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id.* (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under § 1915A, a court may determine that a prisoner's complaint is frivolous if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010)

(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010).  This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires more than the mere possibility that the defendant has acted unlawfully.  *Twombly*, 550 U.S. at 556.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.  *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).  Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

    B.    <u>**All named Defendants are immune from suit.**</u>

Sayne names District Attorney Chris Nevils ("Nevils") as a Defendant.  A district attorney and his assistants are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case.  *See Kalina v. Fletcher*, 522

U.S. 118, 129 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir. 1997). Therefore, the claims against Nevils should be dismissed.

Sayne also names District Judge Anastasia Wiley. Judges are immune from suit for damages resulting from any judicial act unless performed in "the clear absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356–357 (1978); *Young v. Biggers*, 938 F.2d 565, 569 n. 5 (5th Cir. 1991). Even allegations of bad faith or malice do not overcome judicial immunity. *See Mireles*, 502 U.S. at 11. Sayne has not alleged that Judge Wiley acted outside of her jurisdiction.

Finally, Sayne alleges that he is receiving ineffective assistance from Public Defenders James Calhoun, Jonathan McDow, and Herman Castete. However, these Defendants are not acting under color of state law. *See Ellison v. De La Rosa*, 685 F.2d 959, 960 (5th Cir. 1982) (finding, where the plaintiff alleged that his counsel was ineffective "for allowing two fundamentally defective indictments to be prosecuted against him," that counsel was performing a lawyer's traditional function); *Linn v. Saitin*, 575 F. App'x 531, 532 (5th Cir. 2014) (public defender and supervisor were not state actors in rendering allegedly ineffective assistance); *Amir-Sharif v. Dallas Cty. Pub. Defs. Office*, 233 F. App'x 364, 365 (5th Cir. 2007) (where a plaintiff was concerned with the "quality of legal assistance being provided to him by appointed counsel and the public defender[,]" that "the attorney defendants ... are not state actors for § 1983 purposes"). Therefore, the claims against them should be dismissed.

4

C. <u>Sayne has not alleged a viable due process claim.</u>

Sayne alleges that he has been "given no opportunity to sate [his] guilt or innocence." ECF No. 1 at 1. However, Sayne has been appointed counsel and states that he is in jail due to "an extremely high bond." ECF No. 11-1 at 7. Therefore, he clearly appeared in court for the purpose of appointing counsel and a bail hearing as required under Louisiana law. La. C.Cr.P. art. 230.1. Additionally, Sayne states that he has had discussions with counsel about entering a plea. ECF No. 11-1 at 5. Thus, a plea of not guilty must have been entered at some point during the year he has been incarcerated.

D. <u>Sayne fails to state a viable claim regarding his mail.</u>

Sayne alleges that his mail has disappeared, and that his legal mail has been opened outside of his presence. ECF No. 1 at 1. The practice of opening a prisoner's incoming legal mail outside of his presence to inspect it for security purposes has been upheld as reasonable. *See* *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *Brewer v. Wilkinson*, 3 F.3d 816, 825 (5th Cir. 1993); *Miller v. Johnson*, 6:20-CV-586, 2020 WL 8361989, at *3 (E.D. Tex. Dec. 16, 2020), *report and recommendation adopted sub nom. Miller v. Texas*, 2021 WL 289557 (E.D. Tex. Jan. 28, 2021).

To the extent his mail has disappeared, Sayne fails to state a constitutional claim. The negligent or intentional taking of Sayne's mail does not implicate the Constitution if a viable state post-deprivation remedy exists to redress the loss. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 542

(1981). Louisiana law provides ample remedies under which Sayne could proceed for recovery of his property or for reimbursement for its loss. *See Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984).

### E. Sayne fails to state a viable claim for verbal abuse.

Sayne alleges that he was verbally accosted by officers. "[V]erbal threats, name calling, and threatening gestures by prison guards do not amount to a constitutional violation." *Reynolds v. Griffin, et al.*, 22-CV-1305, 2022 WL 17660964, at *7 (E.D. La. Nov. 21, 2022) (quoting *Watson v. Winborn*, No. 02-10984, 67 F. App'x 241, 2003 WL 21108479, at *1 (5th Cir. Apr. 21, 2003)).

### F. The Court should abstain from interfering in a pending criminal proceeding.

Finally, a federal court cannot interfere with a pending state criminal proceeding absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 45 (1971). Sayne has not identified any extraordinary circumstances justifying this Court's interference.

## III. Conclusion

Because the named Defendants are immune from suit, and Sayne does not state a viable constitutional claim against any other potential Defendant, IT IS RECOMMENDED that his Complaint (ECF No. 11) be DENIED and DISMISSED WITH PREJUDICE under § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with

the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Tuesday, January 24, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE